IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 JAN 15 PM 3:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

PEGGY COFFEL,

    Plaintiff,

v.

LARKIN INDUSTRIES, INC.,

    Defendant.

CIVIL ACTION NO.
02-AR-0767-S

ENTERED
JAN 15 2003

**MEMORANDUM OPINION**

    On December 30, 2002, The Stewart Law Group, P.C. ("The SLG") filed a motion to alter, amend and vacate this court's order entered earlier on the same day. The said motion of The SLG was set for hearing on this court's regular motion docket on January 10, 2003. On January 6, 2003, defendant, Larkin Industries Inc., filed a brief in opposition to The SLG's motion. The SLG did not appear on January 10, 2003. Peggy Coffel, by her new counsel, and Larkin Industries, Inc., by its counsel, both appeared at the motion docket and confirmed that the parties have reached a settlement, the consummation of which depended upon obtaining the elimination of The SLG's purported attorney's lien claim.

    Not being an attorney, The SLG could not claim an attorney's lien in this court. If the court is incorrect in this belief, The SLG nevertheless cannot be allowed to withdraw as counsel for plaintiff and simultaneously to interfere with a settlement negotiated through plaintiff's new counsel. The SLG cannot withdraw as counsel and yet be involved in determining what its

former client receives. Under the circumstances, there is no reasonable way Coffel could settle without knowing the actual amount of the attorney's fees to be subtracted from the sum defendant is agreeing to pay. Now that The SLG has repudiated what this court interpreted as an offer to accept $1,052.10 in satisfaction of its purported lien, The SLG ostensibly stands in the way of the settlement unless the court intervenes.

The only fair way to solve the problem is, by separate order, to partially grant The SLG's motion, eliminating The SLG's purported lien and entering a consent judgment of dismissal without any participation by The SLG. Such an order will be entered.

DONE this 15 day of January, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE